UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN A. MILLER,<br><br>    Plaintiff,<br>v.<br><br>CHARLES STALLWORTH, ET AL.,<br><br>    Defendants. | Civil Action No.<br>3:19-CV-00484 (CSH)<br><br>JULY 15, 2019 |

## ORDER ISSUING PERMANENT INJUNCTION

**HAIGHT, Senior District Judge:**

*Pro se* Plaintiff Miller has filed two additional motions in this action. The first, [Doc. 17], filed on June 20, 2019, is captioned "Motion to Correct Court's Plain Errors, Hypocrisy, & Corruption Throughout Connecticut." The second, [Doc. 20], filed on July 8, 2019, is captioned "Motion to Order the Arrest of Defendants for Their Criminal Acts of False Complaints."

Mr. Miller either does not understand or chooses to disregard prior orders of the Court that preclude these filings. As Judge Merriam noted in her Recommended Ruling ("RR"), [Doc. 9 (the "RR") at 10], Plaintiff's complaint in this case is "wholly duplicative" of the prior cases before Judge Meyer, *Miller v. Stallworth*, No. 3:17-CV-1711-JAM (D. Conn. 2018), and Judge Shea, *Miller v. Stallworth*, No. 3:18-CV-1753-MPS (D. Conn. 2018). Judge Meyer and Judge Shea dismissed those cases for the reasons stated in their orders and judgments. Neither dismissal was appealed by Plaintiff. Judge Merriam correctly concluded that Judge Shea's ruling in *Miller*, No. 3:18-CV-1753-

1

MPS, barred the present action on the basis of *res judicata*. *See* RR at 8.[1] I accepted her RR in an Order, [Doc. 13], and entered judgment thereon.

Based upon Mr. Miller's past history as a self-represented plaintiff in this Court, Judge Merriam coupled her recommendation that the complaint in this action be dismissed with a recommendation that Mr. Miller be permanently enjoined from future filings unless certain conditions were met. I chose not to enter an injunction at that time. Instead, Mr. Miller was encouraged to consider the prior rulings in these cases and "refrain from any further filings in this Court asserting these claims against these Defendants which, for the reasons stated, would if made clearly cross the line into impermissibly unenforceable claims." Doc. 13 at 7. Judge Merriam's recommended injunction was "denied for the present, without prejudice to reconsideration by this Court as the result of changing circumstances." *Id*. Plaintiff's two most recent filings present changed circumstances which demonstrate the need for an injunction.[2]

For the foregoing reasons, Plaintiff's two pending motions, [Docs. 17, 20], are denied as MOOT, and Plaintiff is PERMANENTLY ENJOINED from:

(1) bringing any future case as a self-represented plaintiff in the District of Connecticut

---

[1] Judge Merriam's text at one point erroneously states the docket number of Plaintiff's case before Judge Shea as "3:18CV*1853*." RR at 8. The correct number is "18CV*1753*."

[2] Plaintiff's cases before Judge Meyer and Judge Shea, as well as the captioned case, all arise out of arrests and state criminal prosecutions in 2015. For that reason, Judge Shea's disposition of the case before him constitutes *res judicata* in the present case. Miller's more recent filing [Doc. 17 at 1–2], argues that: "*Res judicata* can't apply now because the court reporters didn't complete the transcript [of the state criminal proceeding] until June 6, 2019," and "[n]ot until Miller read in the transcript of pleading guilty was there any time when Miller realized he must have been hypnotized." In point of fact, Miller's complaint in the case before Judge Shea refers to a transcript of a September 19, 2017, hearing, and alleges that the transcript confirms Miller's "hypnotic memory loss." Complaint at 2, *Miller v. Stallworth*, No. 3:18-CV-1753-MPS (D. Conn. Oct. 23, 2018), ECF No. 1.

2

without the prior permission of the District Judge to whom the case would be assigned if he files; and

(2) filing any papers in connection with any case previously filed or currently pending in the District of Connecticut unless either:

    (a) such submission is a required response to a filing submitted by his adversary, or,

    (b) prior to filing:

        (i) he files a one-page written application to the Court for permission to file papers in that case;

        (ii) in that one-page written application, he explains why he seeks permission to file such papers;

        (iii) the Court grants his application in a written order; and

        (iv) he submits a copy of the Court's order granting him permission to file papers with the papers he has been allowed to file.

It is SO ORDERED.

Dated: New Haven, Connecticut
       July 15, 2019

                                          */s/ Charles S. Haight, Jr.*
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge